IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of

JESSE JAMES HOLLAND,

        Appellant,

        v.

KATHERINE JEANNIE HOLLAND,

        Respondent.

No. 86867-5-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, C.J. — Jesse Holland appeals from the order of the trial court that modified the child support order previously entered in this matter. Jesse[1] asserts that the court erred in its finding regarding his gross monthly income because it is unsupported by substantial evidence in the record. However, because the court relied on its other findings, unchallenged on appeal, in reaching the finding that Jesse recently received a multi-million-dollar inheritance and he used sums from that inheritance in order to sustain himself while not employed, he fails to carry his burden to establish reversible error, and we affirm.

FACTS

In 2018, several years after Jesse and Katherine were married to one another and had a child together, Jesse filed a petition in Snohomish County

---

[1] Because the parties share the same last name, we use their first names for clarity. No disrespect is intended.

Superior Court seeking the dissolution of their marriage. The court later issued its final dissolution decree along with a parenting plan and a child support order.

Several years later, Katherine filed a petition to modify the child support order and parenting plan. A trial on her petition later commenced, where she was represented by legal counsel and Jesse appeared pro se. Katherine and Jesse each testified and were subject to cross-examination, and the court admitted 43 exhibits. At trial, Jesse testified that he recently received an inheritance, and Katherine presented bank statements that she averred supported that Jesse had drawn from this inheritance in order to sustain himself while not employed. The court held that Jesse's receipt of this inheritance warranted a modification to the child support order.[2]

The court later issued several orders and a child support schedule worksheet. In its order entitled "Final Order and Findings on Petition to Change a Parenting Plan or Custody Order," the court stated as follows:

> The court approves a change to child support. The changes to the parenting/custody order affect child support by:
>
> > Both parties received inheritance from the Estate of James Holland in 2023. The Mother received $186,819 in non-retirement sums, *and the Father received over $5.1 million in non-retirement assets and sums*. Both parties were awarded in excess of $5,000 in retirement amounts to grant each party a $416/month credit for retirement contributions.
> >
> > The Mother has a new job and has new income of $5,883.14 per month.

_____

[2] The court also found that a modification to the child support order was proper because Katherine "has a new job; she has new income. She's also received an inheritance that allows her income to be considered and recalculated." Jesse does not assign error to or otherwise challenge this finding.

> The Father is not employed but utilizes the sums from his inheritance by which to sustain himself, as demonstrated by the Father's bank statements produced as evidence.

(Emphasis added.)

In the child support schedule worksheet, the court found that Jesse had total gross monthly income of $425,000, derived exclusively from gross monthly "Other Income" of the same amount. The court explained, on the fourth page of the worksheet, that it had calculated Jesse's income at "*$5.1 million of non-retirement cash funds* he received in 2023, or $425,000 per month." (Emphasis added.) The court's child support order similarly found that Jesse "inherited income from the paternal grandfather's estate in 2023 which is incorporated herein." The court ordered Jesse to pay a sum of $2,161.30 per month for child support.

Jesse timely appealed.

## ANALYSIS

Jesse asserts that the trial court abused its discretion in ordering a modification to the child support order based on its finding regarding his total gross monthly income because substantial evidence in the record does not support that finding. However, because the court set forth the challenged finding based on its other findings as to Jesse's inheritance and his reliance thereon, and because he does not assign error to or otherwise challenge these other findings, his assertion fails.

Our rules of appellate procedure require separate assignments of error to each of the trial court's factual findings that are contested. RAP 10.3(a)(4), (g). It is well established that when a party fails to specifically challenge a trial court's

findings, such findings become verities on appeal. *See, e.g., In re Marriage of Brewer*, 137 Wn.2d 756, 766, 976 P.2d 102 (1999); *In re Est. of Lint*, 135 Wn.2d 518, 533, 957 P.2d 755 (1998); *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 407, 858 P.2d 494 (1993).

On appeal here, Jesse assigns error to the trial court's finding that he had gross "Other Income" of $425,000 per month and challenges this finding on the basis that the court "did not explain how it reached this figure." In so doing, however, Jesse does not assign error to, challenge, or otherwise mention the trial court's finding that he received a $5.1 million inheritance. He also does not assign error to or otherwise challenge the court's finding that he "is not employed but utilizes the sums from his inheritance by which to sustain himself, as demonstrated by [his] bank statements produced as evidence."

Jesse's failure to assign error to or otherwise challenge the foregoing findings is fatal to his appeal. The trial court plainly predicated its gross monthly income finding on its separate findings regarding his $5.1 million inheritance and his reliance thereon as a form of "Other Income." Jesse does not challenge these findings, and they are, therefore, verities on appeal.[3] These unchallenged findings, now verities, separately support the trial court's final calculation of child

---

[3] When findings of fact are verities on appeal, our review is limited to determining whether the findings support the trial court's conclusions of law and judgment. *In re Habeas Corpus of Santore*, 28 Wn. App. 319, 323, 623 P.2d 702 (1981). "[U]nchallenged conclusions of law become the law of the case." *In re Marriage of Laidlaw*, 2 Wn. App. 2d 381, 386, 409 P.3d 1184 (2018). Jesse does not otherwise challenge the trial court's conclusions of law.

support.  Given this, he has not established an abuse of discretion by the trial court.[4]  Accordingly, he does not establish an entitlement to appellate relief.[5]

     Affirmed.

WE CONCUR:

_Feldman, J._       _Díaz, J._

---

[4] Jesse also assigns error to the court's calculation of his monthly child support payments. However, this assignment of error has, in effect, the same flaw as the assignment of error discussed herein.

[5] Katherine requests an award of attorney fees under RAP 18.9(a).  Under that rule, we may grant an award of attorney fees as a sanction against a party "who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules."  RAP 18.9(a); *In re Marriage of Hannah*, 27 Wn. App. 2d 577, 591, 541 P.3d 372 (2023), *review denied,* 2 Wn.3d 1015 (2024).  However, the record does not reflect that Jesse filed this appeal solely to delay the resolution of this matter, that his appeal was so lacking in merit as to warrant the imposition of sanctions, or that his noncompliance with our rules amounted to sanctionable conduct.  *In re Marriage of Schnurman*, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).  Accordingly, we deny Katherine's request.